A. J. EDWARDS ET AL V. NELLIE WHITEHEAD STRONG ET VIR.

No. A-1622. Decided October 6, 1948.
Rehearing overruled November 3, 1948.
(213 S. W. (2d) Series, 979.)

*Felix M. Bransford, J. R. Black* and *Wm. Pannill,* all of Fort Worth, for A. J. Edwards and wife; *Ernest May,* of Fort Worth, for J. Athans, petitioners.

The verbal agreement between the Strongs' and Athans was not sufficient upon which to base a constructive trust. Clayton v. Ancil, 140 Texas 441, 168 S. W. (2d) 230; Denman v. Hall, 144 Texas 633, 193 S. W. (2d) 515; Whittenburg v. Miller, 139 Texas 586, 164 S. W. (2d) 497.

*Martin, Moore & Brewster,* of Fort Worth, for respondents.

The Court of Civil Appeals did not err in holding that the petitioners Edwards acquired the property in question as constructive trustees for the respondents, where they made such acquisition by participating in the breach of fiduciary duty owed by Athans to his principal, the respondent with full knowledge of such breach. Kinzbach Tool Co. v. Corbett-Wallace Corp. 138 Texas 565, 160 S. W. (2d) 509; Slay v. Burnett Trust, 143 Texas 621, 187 S. W. (2d) 377; Satterwhite v. Loomis, 81 Texas 64, 16 S. W. 616.

MR. JUSTICE HART delivered the opinion of the Court.

The respondents, Mrs. Nellie Whitehead Strong and her husband, brought this suit to establish a constructive trust in her favor upon Lot 1, Block 11, Van Zandt Park Addition in the City of Fort Worth. They alleged that, at a time when Mrs. Strong was a single woman, she had employed the petitioner J. Athans, a real estate broker, as her agent to secure for her an option on the lot as a part of a plan to develop a community center, that Athans was informed of her plans and knew that this lot was the "key" lot, that Athans did secure such option in his own name from J. T. Griffin, the owner of the lot, but that thereafter, within the option period, Athans and the petitioners A. J. Edwards and wife, with knowledge of Athans' fiduciary capacity, took advantage of the option and purchased the lot in A. J. Edwards' name. The respondents also alleged that thereafter a house located on the lot was sold by Edwards to Athans and was removed by Athans, and they asked for damages for the value of the house. At the trial the respondents tendered into court the full purchase price paid by Edwards.

Petitioner Athens denied that he was acting as agent for Mrs. Strong, and further specially pleaded that the alleged option was without consideration and was invalid, because not in writing, under the Statute of Frauds, Article 3995, Vernon's Texas Civil Statutes, and that the alleged employment of Athans by Mrs. Strong was without consideration and invalid, because not in writing, under Section 22 of Article 6573a, Vernon's Texas Civil Statutes. Petitioners Edward specially pleaded that the alleged option was oral and was thereafter invalid under Articles 3995 and 1288, Vernon's Texas Civil Statutes, but did not affirmatively plead the invalidity of the alleged agency contract under Section 22 of Article 6573a.

In a trial before a jury, special issues were submitted which were answered favorably to the respondents and judgment was entered thereon in their favor for title and possession to the lot, and ordering the distribution and payment of the money tendered into court by the respondents. This judgment was affirmed by the Court of Civil Appeals. 207 S. W. (2d) 655.

Separate applications for writs of error were filed by the petitioners Edwards and the petitioner Athans. The first contention made by the Edwardses is that there is no evidence to sustain the finding that Athans agreed to act as the agent of Mrs. Strong in securing an option on the lot in controversy. We

have examined the record carefully and we are of the opinion that there is evidence to support the verdict and the judgment on this point. In our opinion the testimony of Mrs. Strong and the testimony of Athans, considered together, are reasonably subject to the interpretation that Athans agreed that he would act as Mrs. Strong's agent in securing the option.

■■ The principal reliance of the petitioners Edwards is upon the proposition that the alleged agency contract between Mrs. Strong and Athans was invalid, since it was not in writing as required by Section 22 of Article 6573a, and therefore that there is no basis for holding that a constructive trust arose. However, the record shows that this defense was not affirmatively pleaded by the Edwardses, as is required under Rule 94, Texas Rules of Civil Procedure. The record further shows that no objection to proof of the agency agreement between Mrs. Strong and Athans on the ground that it was not in writing was made at the trial. The defense that the agency contract was not in writing cannot be raised for the first time on appeal. Enfield Realty & Home Building Company v. Hunter, 179 S. W. (2d) 810. The record also shows that this point was not assigned as error by petitioners Edwards in the Court of Civil Appeals, and it therefore cannot be considered here. Elliff v. Texon Drilling Co., 146 Texas 575, 210 S. W. (2d) 558. No assignment of error on this ground is made here by the petitioner Athans. We therefore are without jurisdiction, on either application for writ of error, to consider what effect, if any, the fact that the agency contract between Mrs. Strong and Athans was oral would have upon the respondent's right to enforce a constructive trust.

■ Petitioners Edwards also urge that no constructive trust can arise because the option agreement between Athans and Griffin, the owner of the lot, was not in writing as required by the statute of frauds. It is conceded by respondents that the option would not have been legally enforceable against Griffin if he had chosen to refuse to carry it out. However, it is contended by respondents that since Griffin did fulfill his agreement and made a binding, written contract of sale with, and later a valid conveyance of the legal title to the lot to, petitioner A. J. Edwards, the original enforceability of the option agreement was immaterial. We agree with respondents' contention. The respondents' right to enforce a constructive trust arises out of the breach by Athans of his fiduciary duty and the knowing participation therein by the Edwardses and the unjust enrichment which would result to the Edwardses, if they were per-

mitted to retain the land. It makes no difference that Griffin could not have been compelled to make the conveyance under the oral option agreement. The purpose of this suit is not to enforce a trust against any interest in the land created by the option, but to impose a trust upon the legal title which passed to Edwards by the deed executed to him by Griffin with all the legal formalities. Compare Satterthwaite v. Loomis, 81 Texas 64, 16 S. W. 616; Kinzbach Tool Co., Inc. v. Corbett-Wallace Corp., 138 Texas 565, 160 S. W. (2d) 509; Mills v. Gray, 147 Texas 33, 210 S. W. (2d) 985; Pope v. Garrett, 147 Texas 18, 211 S. W. (2d) 559. See 3 Scott, Trusts, Secs. 499, 506; 3 Bogert, Trusts and Trustees, Sec. 487; Restatement, Restitution, Sec. 194.

The principal case relied on by the petitioners Edwards is Clayton v. Ancell, 140 Texas 441, 168 S. W. (2d) 230. That case, however, is not in point here because the oral agreement involved there was to the effect that the promisor could purchase land and later resell it to the promisee. No fiduciary relationship was involved there. As this court said in its opinion, the contract there involved "constituted at most but a verbal agreement to sell real estate and is therefore condemned both by the statutes of conveyance, Art. 1288, and the statute of frauds, Art. 3995, Sec. 4." See Clayton v. Ancell, 140 Texas 441, 448, 168 S. W. (2d) 230, 233. Oral contracts to convey interests in land were also involved in Whittenburg v. Miller, 139 Texas 586, 164 S. W. (2d) 497 and Sorrels v. Coffield, 144 Texas 31, 187 S. W. (2d) 980, cited by petitioners. The distinction between contracts like those in the cases cited by petitioners and the situation involved in the present case, is well recognized. See 3 Scott, Trust, Sec. 499 at page 2417; 3 Bogert, Trusts and Trustees, Sec. 487 at page 121.

■ The petitioners Edwards urge error in the form of the submission of special issue No. 6 by the trial court, but since the objection presented here was not raised by an exception to the court's charge, as required by Rule 272, Texas Rules of Civil Procedeure, the asserted error is deemed waived under Rule 274, Texas Rules of Civil Procedure.

Petitioners assign error as to the portion of the judgment of the district court which decrees that the respondents shall recover against Athans and the Edwardses, jointly and severally, the sum of $2,000.00, made up to $1,500.00 representing the value of the house removed from the premises and sold by the Edwardses to Athans, and $500.00 representing the com-

mission which was paid by Griffin and which was divided between Athans and the Edwardses. This portion of the judgment must be considered in connection with the rest of the judgment, including the disposition by the court of the money tendered by the respondents. The respondents tendered into court the sum of $7,000.00, which was the total consideration agreed to be paid for the lot by the Edwardses. Part of this purchase price, in the sum of $3,795.57, remained unpaid at the time of the trial and was secured by a vendor's lien held by Griffin, and the court decreed that this unpaid balance should be paid to Griffin out of the sum tendered into court. The court directed that the balance of the tender should be paid to the Edwardses, except that the judgment provided that the two items of $1,500.00 and $500.00, referred to above, should be deducted from the sum to be paid to the Edwardses, and should be returned to the respondents. The result was that the $7,000.00 tendered into court by the respondents was ordered to be distributed by the court as follows: $3,795.57 to Griffin, $1,204.43 to the Edwardses, and $2,000.00 to the respondents.

We think that the trial court correctly ordered that the $1,500.00, representing the reasonable value of the house removed from the premises by Athans, should be refunded to respondents. The value of the property was decreased in this amount by the removal of the house, and Athans and the Edwardses correspondingly benefited, Athans by acquiring the house and the Edwardses by the payment of this sum to them by Athans.

As to the item of $500.00, representing the commission paid by Griffin to Athans, we believe that the court erred in ordering that this sum should be returned to respondents. The record shows that the Edwardses paid and agreed to pay a total purchase price of $7,000.00, with the understanding that the owner, Griffin, was to pay the brokerage firm for which Athans worked a commission of $500.00. This sum was actually paid by Griffin and received by Athans, who in turn gave $50.00 of this sum to the Edwardses. The net result of these transactions was the same as if the Edwardses had paid $6,500.00 to Griffin for the land and $450.00 to Athans as a commission. Mrs. Strong alleged and testified that she requested Athans to obtain an option for her to buy the lot for $6,500.00 and that she agreed to pay Athans a commission of 5% on the purchase price, or $325.00, if the purchase was completed. We believe that in order to do equity, respondents should reimburse the Edwardses to the extent of the commission which Mrs. Strong agreed to pay

Athans. Otherwise, respondents would be permitted to acquire the land for $6,500.00, without paying any commission. This is the effect of the trial court's judgment as it now stands. The respondents should not ask the court to do more than to put them in as good position as they would have occupied if Athans had carried out his agreement. Restoration by the plaintiff of the consideration paid by the agent or a third party acting with him is held to be a condition to the enforcement of a constructive trust in a case of this kind. See 3 Scott, Trusts, Section 499. Compare Raper v. Parmenter, 1 S. W. (2d) 343; Fickling Properties, Inc., v. Smith, 123 Fla. 556, 167 So. 42. If the Edwardses are allowed credit for $325.00 of the commission which was paid to Athans, this will not fully reimburse them for the amount they have paid and agreed to pay, but in view of the fact that they participated in the breach of trust by Athans, they cannot equitably demand that respondents be required to reimburse them for the excess above the agreed commission. See Restatement, Restitution, Sec. 194, b.

The judgments of the Court of Civil Appeals and the district court are reformed so as to provide that the $7,000.00 tendered into court by the resepondents shall be disbursed as follows: $3,795.57 to J. T. Griffin, $1,529.43 to the petitioners Edwards, and $1,675.00 to the respondents. When the money is so disbursed, the money judgment for respondents against petitioners will be satisfied. Costs in this Court are adjudged against the respondents, and costs in the Court of Civil Appeals and the district court are adjudged against the petitioners.

The judgments of the Court of Civil Appeals and the district court are reformed as set out above, and as so reformed are affirmed.

Opinion delivered October 6, 1948.

Rehearing overruled November 3, 1948.