### H. E. THORNTON, as Next Friend of Kenneth Thornton, a Minor, Appellant,

v.

### Frank Packer MOORE, Appellee.

### No. 7083.

Court of Civil Appeals of Texas.

Texarkana.

Nov. 11, 1958.

Rehearing Denied Dec. 2, 1958.

John H. Jenkins, Houston, for appellant.

Alvin M. Owsley, Jr., Baker, Botts, Andrews & Shepherd, Houston, for appellee.

FANNING, Justice.

On December 14, 1956, the automobile of Frank Packer Moore, driven by him, was in a collision with an automobile driven by Benny Prunier, Jr., in which automobile Kenneth Thornton, a minor, was riding. H. E. Thornton, as next friend and father of Kenneth Thornton, a minor, filed suit for damages for personal injuries alleged to have been sustained by the minor, setting forth a common-law negligence action against Moore as defendant. Trial was to a jury on special issues. The jury in response to the special issues submitted found in effect as follows: (1) That defendant did not fail to keep a proper lookout; (2) [issue No. 2 was not answered]; (3) that the act of defendant in driving his vehicle onto the left hand side of the street on the occasion in question was not negligence; ((4) issue No. 4 on proximate cause was not answered due to the jury's answer to special issue No. 3, finding that defendant was not negligent under the circumstances in driving on the left hand side of the road); (5) and (6) that at the time and on the occasion in question Kenneth Thornton knew, or could have known by the exer-

**478**

cise of ordinary care, that Benny Prunier, Jr., did not possess a valid driver's license permitting him to operate a motor vehicle, but that same was not negligence; (7) (8) and (9) that Benny Prunier, Jr., failed to keep a proper lookout, which was a proximate cause of the collision in question, and which was the sole proximate cause of the collision in question; and (10) the damages issue was answered "None."

Defendant's motion for judgment on the verdict was granted and a take-nothing judgment was entered in favor of defendant. Plaintiff has appealed.

Appellant presents four points on this appeal.

■ Appellant by his first and second points urges error in the submission of Special Issues Nos. 3 and 4 by the trial court, but since the objections presented here were not raised by any exception to the court's charge, as required by Rule 272, Texas Rules of Civil Procedure, the asserted errors are deemed waived under Rule 274, T.R.C.P. Edwards v. Strong, 147 Tex. 155, 213 S.W.2d 979.

■ By his third and fourth points appellant contends that the trial court erred (for the reasons stated therein) in submitting Special Issue No. 7, inquiring as to the lookout of the driver of the car in which Kenneth Thornton was a passenger, and that the trial court erred (for the reasons stated therein) in submitting Issue No. 9, inquiring as to whether the failure of the driver of the car, in which Kenneth Thornton was a passenger, to keep a proper lookout, was the sole proximate cause of the collision in question.

Appellant's third and fourth points dealing with special issues Nos. 7 and 9, involving contributory negligence on the part of the driver of the car in which Kenneth Thornton was a passenger, are immaterial to the disposition of this cause in view of the findings of the jury to the effect that there was no primary negligence on the part of the defendant (and also no damag-

es) since the defendant was entitled to a take-nothing judgment without regard to the jury's answer to Special Issues Nos. 7 and 9. Little Rock Furniture Mfg. Co. v. Dunn, 148 Tex. 197, 222 S.W.2d 985.

The judgment of the trial court is affirmed.