B. E. MOSELEY et al., Appellants,

v.

TEXAS AND NEW ORLEANS RAILROAD COMPANY et al., Appellees.

No. 3854.

Court of Civil Appeals of Texas.

Waco.

May 11, 1961.

Rehearing Denied June 1, 1961.

Bannon & Bannon, Joe S. Moss, Houston, for appellants.

Baker, Botts, Andrews & Shepherd, John F. Heard, Houston, for appellees.

WILSON, Justice.

Appellants as plaintiffs in a class action sought an injunction to restrain appellee railroad company from withholding a portion of their wages to pay dues or assessments to a hospital association. They also prayed that the association be enjoined "from requiring plaintiffs to be members", and for damages. In a non-jury trial the relief prayed for was denied. Appellants,

164 in number, do not purport to represent several thousand other employees of the company who are members of the hospital association.

Material findings of fact were that the non-profit hospital association had as its object furnishing medical and surgical treatment and services to employees of the railroad company who were admitted to membership in the association by the latter's board of managers. This governing board was composed of three voting members appointed by the railroad company and four voting members elected by employees. Since formation of the association the company has required plaintiffs and other employees, as conditions of employment, to become and remain members of the association, and to authorize the company to pay association dues after deducting the amount thereof from their wages. Plaintiffs agreed to and complied with these conditions under a written agreement until November, 1959, when they requested that the company cease to impose the conditions.

It was found that certain railroad Brotherhoods and Unions (not parties) are the exclusive representatives of plaintiffs in bargaining with the company concerning wages, hours and employment conditions, and have been such for many years. Prior to 1946 the majority of the board of managers of the association had been officers of the railroad company; but in that year, in response to demand by the brotherhoods and on recommendation of a presidential emergency board, agreements were entered into between the railroad company, the bargaining agents and the association whereby employees were to have majority voting representation on the association's board of managers, and the company was to make substantial monthly contributions to the association and assume other obligations. This agreement was consummated by execution of a formal contract by the hospital association and the railroad company, by which the company was to "deduct from the wages of the employee members of the association the dues which have been fixed

by the association in accordance with its by-laws." The findings of fact thus summarized are not challenged.

Appellants first attack the judgment here on the grounds that the agreement by the company and association to furnish medical and surgical treatment and services is illegal and void as constituting practice of medicine in contravention of Arts. 739–745, Vernon's Ann.Tex.P.C., and Arts. 4495–4512, Vernon's Ann.Civ.Stat. They rely on Rockett v. Texas State Board of Medical Examiners, Tex.Civ.App., 287 S.W. 2d 190, writ ref. n. r. e., which does not affect the present contention.

■ We are of the opinion that this theory, not pleaded or presented below, may not be raised for the first time on appeal. Cook v. Hamer, 158 Tex. 164, 309 S.W.2d 54, 59.

■ Aside from the fact the question was not raised in the trial court, and pretermitting decision of whether appellants have standing in equity to invoke injunctive relief on this ground, we think the contention is untenable. The railroad company against which injunction was prayed received no fee or compensation for the services, and did not agree to furnish the services. It only carries out the contractual obligations which appellants' bargaining representatives demanded. As to the hospital association, the relief prayed for is that it "be permanently enjoined from requiring plaintiffs to be members of said hospital and from interfering with their relationship with their employers, the company", or insurance companies. The association is not requiring plaintiffs to be members, and the point does not affect the judgment as to it.

■ It is contended appellants' written authorization to the company to deduct from their wages the amount of dues to the association is an invalid assignment of wages under Art. 6165a, Sec. 6, Vernon's Ann.Civ.Stat. This contention was not advanced below, and we do not think it may

be first raised in the reviewing court. Cook v. Hamer, supra; Edwards v. Strong, 147 Tex. 155, 213 S.W.2d 979, 980. The record does not show any of appellants are married men, but assuming some of them are such, the title of the bill, Acts 1927, 40th Leg., 1st C.S., p. 30, ch. 17, states it is one providing the wife shall join in an assignment of wages made by married men "to such loan broker." See Trawalter v. Schaefer, 142 Tex. 521, 179 S.W.2d 765, 767; 39 Tex.Jur., Sec. 46, p. 100. Appellee company is not a "loan broker" under that Act.

■ It is said here for the first time that the authorization for deduction from wages to pay association dues contravenes Article XVI, Section 28 of the Texas Constitution, Vernon's Ann.St. and Art. 3835 of the Civil Statutes, as being in effect, "an enforced execution or garnishment" of exempt current wages, or an invalid waiver of the exemption. No Texas authority which would support the position as a ground for equitable relief under this record is cited. The point is overruled.

■ Another argument for reversal is that appellants had requested termination of membership in the association and cancellation of the payroll deduction. Although the asserted basis claimed for reversal is not clear, this request was directed to the hospital association, and relates to injunctive relief sought against the latter. Appellants, in consideration of employment, had agreed to become and remain members of the association and authorized the deduction in payment of dues. Through demands of their accredited bargaining representatives, and as an outgrowth of a strike ballot and mediation, the association and the company were induced to contract that the company would deduct from their wages the amount of dues fixed in accordance with the by-laws of the association—a voting majority of whose board of managers is elected by appellants and other employees of the company. None of the brotherhoods or unions has requested a modification of the contracts, or sought to alter the provisions by collective bargaining. The evidence indicates, in fact, that brotherhoods which are the bargaining agents for some of appellants desire the present contract status maintained. The association (to the manager of which the requests were addressed) could not control or cancel the payroll deduction by the company; and injunction was not available under this record to terminate their membership in the association.

It is contended that regardless of whether "any railroad unions or brotherhoods are exclusive representatives of the employees in bargaining," each employee has the right to act for himself under Art. 5207a, Vernon's Ann.Civ.Stat. This attack also is first raised here. The basis of the contention is the assertion that the record is silent as to whether the unions and brotherhoods acting as bargaining agents represented appellants, or whether appellants were members thereof. The record is not silent: appellants alleged, "they belong to one of the Railroad Brotherhoods and that their wages, seniority, working conditions and hours are arrived at through collective bargaining," and although alleging they work under a written contract "between the company and their Unions" which gives no authority to make wage deductions, the only contracts in the record are those referred to. It appears from the record that all class plaintiffs are members of the Brotherhood of Locomotive Firemen and Enginemen of which the class representative also is a member; that "these people whose names are listed here are members of" his Brotherhood, whose chairman was a signatory party to the contract arrived at through its bargaining for appellants. In addition, there is nothing in the record to suggest any right vouchsafed by the statute (enacted in 1947 after the contracts referred to were executed) has been denied any appellant.

■■ Finally, it is urged that operation or maintenance of a hospital by the railroad

company, through an association or otherwise, is ultra vires. The position was not presented in the trial court, and may not be first urged here. Pollock Paper & Box Co. v. East Texas Motor Freight Lines, 145 Tex. 634, 201 S.W.2d 228, 230. There is no showing appellants are shareholders, and they do not proceed as such. Although Art. 2.04, Texas Business Corporation Act, V.A.T.S., does not apply to railroad companies under Art. 9.14 thereof, "The general rule is that the question of whether or not a corporation has acted in excess of its lawful powers can only be raised by one interested in the corporation, or in a direct proceeding brought by the state." Staacke v. Routledge, 111 Tex. 489, 241 S.W. 994, 999; Russell v. Texas & P. Ry. Co., 68 Tex. 646, 5 S.W. 686, 688.

All points have been considered and are overruled.

Affirmed.