**James C. JONES, Appellant,**

**v.**

**Judge H. BLACKMON et al., Appellees.**

**No. 7.**

Court of Civil Appeals of Texas.

Houston (14th Dist.).

Oct. 4, 1967.

Rehearing Denied Oct. 25, 1967.

John Holloway, Houston, for appellant.

Baker, Botts, Shepherd & Coates and F. Walter Conrad and Finis E. Cowan, Houston, for appellees.

BARRON, Justice.

This is a personal injury action brought by appellant, James C. Jones, plaintiff below, against Judge H. Blackmon and Clemis Colquitt, appellees. Appellees were longshoremen who were loading equipment owned by Texas Gulf Sulphur Company. The accident occurred at the Port of Houston on November 18, 1958. Harris County Houston Ship Channel Navigation District obtained a favorable summary judgment which was affirmed on appeal. See Jones v. Texas Gulf Sulphur Co., et al, 397 S.W. 2d 304 (Tex.Civ.App.) refused, n.r.e. On remand as to the Port Commissioners, the trial court severed plaintiff's cause of action as to the two longshoremen appellees, severed the remaining defendants and granted summary judgment as to each. There was no appeal from such action. Immediately prior to the accident, the appellees were moving a substructure, about 20 to 30 feet long, seven feet high and seven feet wide (testimony as to the size varying), using fork lifts. The work was being done by appellees under the direction of their foreman, Tom Boudreaux, when a flange protruding from the side of the substructure struck the mud pump and knocked it into the toolhouse, injuring the appellant, Jones, by crushing his leg between the mud pump and tool house. Appellant was a truck driver for Prather Truck line, dispatched to the scene to move oil field equipment, when the accident occurred. Jones sought damages against Blackmon and Colquitt, jointly severally, for $165,000.00.

Trial as to these appellees was to a jury. The jury found against appellant upon his

primary negligence issues, finding that the conduct of the appellee fork lift operators was not negligent; that appellant, James C. Jones, was not contributorily negligent; that the conduct of Tom Boudreaux, appellee's foreman, was negligence and the sole proximate cause of the accident. The jury found damages in the sum of $9,000.00.

The record is voluminous. Forty-six points of error are included in appellant's brief. The points of error will be grouped for purposes of this opinion.

The judgment of the trial court denying recovery is first attacked by appellant by points one through eight on grounds of no evidence, insufficiency of the evidence and that it is against the great weight and preponderance of the evidence as to Special Issues 1 and 4. Issue number 1 inquires whether Blackmon caused the substructure to move to his right so as to collide with the mud pump due to the manner in which he operated the fork lift. Issue number 4 inquires whether Colquitt caused the substructure to move to his left in like manner. The jury answered "we do not" to both issues. Issues numbered 2, 3, 5 and 6, dealing with negligence and proximate cause as to each party, conditionally submitted, were, of course, not answered.

The appellees were operating fork lifts and attempting to move the substructure. Colquitt was on the south end of the same and Blackmon was on the north end. There were other pieces of oil field equipment nearby to Blackmon's right. Colquitt was hooked in straightforward toward Blackmon. The equipment which caused the injury was near the south end of the substructure on the right of Blackmon. Tom Boudreaux, an experienced longshoreman, the gang foreman of a five-man team moving the equipment was in charge of the moving of the substructure. He gave signals to the two appellees as to when and how to grasp and move, and when he gave the two motor drivers the signal to go straight on and move forward with the heavy equipment, they moved it five or six

feet. At this time Jones was struck and the moving stopped. A flange was sticking out on the side of the substructure and it had scuffed another piece of machinery. In turn the machinery which the substructure had struck pinned appellant's leg. Boudreaux did not see the equipment turn or twist, but it appeared to move straight. The distance between the edge of the substructure and the edge of the pump was about 1 to 1½ feet, and the flange on the equipment being moved was six to eight inches protruding therefrom. He further testified that neither Blackmon nor Colquitt were able to see the details concerning the narrow spaces, nor were they able to do anything from a safety standpoint other than follow Boudreaux's directions or signals; that the appellees were not expected to check on the clearance of the equipment being moved with reference to other pieces of equipment; that they (the drivers) were supposed to do exactly what the foreman told them to do, and that this procedure was necessary and customary in this type of work; that the foreman would fire a driver who attempted to check the clearances before moving the equipment, because they operated as a team and it is necessary that they respond to signals or orders for the safety of the gang; that it is essential that appellees as operators of heavy equipment respond immediately to the orders of their foreman. The witness testified that they were working over old asphalt with ripples in it, and that it was not smooth; that one motor would pick up one end and the other motor would pick up the other end of the equipment. The appellees could see only the structure being moved "right in front of him, that is all"; that under these circumstances it is possible for appellees to let the equipment drift over a few inches one way or the other and not be aware of it. The testimony of Boudreaux, as well as other testimony in the record, is clear that the appellee fork lift operators by necessity could not see exactly what they were doing without direction from the foreman and that the appellees were wholly dependent upon the foreman's giving the signals so far as safety

is concerned. All of the facts taken to-gether constitute a sufficient basis for the jury to find that the manner in which Colquitt and Blackmon operated the fork lifts was not negligence and did not cause the structure to hit the mud pump. There is ample evidence in the record to support the theory that Boudreaux's conduct was the sole proximate cause of the accident.

It is elementary that the burden of proof is on the appellant to prove by a preponderance of the evidence that acts forming the basis of negligence, negligence and proximate cause exist. Whether given acts constitute negligence is essentially a jury question to be determined by independent consideration of facts in each case. Weingarten v. Brockman, 135 S.W.2d 698 (Tex.Sup.1940); Blanks v. Southland Hotel, 149 Tex. 139, 229 S.W.2d 357, 360 (1950); Plata v. Gohman, 359 S.W.2d 163, 164 (Tex.Civ.App.1962), error ref., n.r.e.; 40 Tex.Jur.2d, p. 699, Section 160. While we concede that the evidence would have supported favorable findings by the jury for appellant, the jury was not bound to do so. Gulf, C. & S. F. Ry. Co. v. Gascamp, 69 Tex. 545, 7 S.W. 227 (1888). For negligence to be a matter of law, the conduct of appellees must appear so opposed to the dictates of common prudence that it could be said, without hesitation or doubt, that no careful person would have committed or permitted the act or acts. See Ice Service Co. v. Scruggs, 284 S.W.2d 185, 189 (Tex.Civ.App.1955), error ref., n.r.e., and cases cited. We hold that the findings by the jury on the issues involved were authorized under the evidence. It was within the exclusive province of the jury to make such findings.

Moreover the findings of the jury to issues 1 and 4 are based upon sufficient evidence and not so against the great weight and preponderance of the evidence as to be clearly wrong and unjust. See Calvert, "No Evidence" and "Insufficient Evidence" Points of Error, 38 Tex.Law Rev. 361, 365–6 (1960), and cases cited.

What we have said with regard to issues 1 and 4 above is applicable to issues 7, 8, 9 and 11. Special issues numbers 9 and 11 asked whether the failure of Blackmon and Colquitt to inspect the west side of the substructure was negligence. The jury found on each issue that it was not negligence. In addition to conflicts throughout the testimony and conflicts in inferences reasonably drawn from the testimony, the fact that Boudreaux's action in directing this whole transaction and in assuming responsibility for the job apparently impressed the jury to the extent that unfavorable findings were made against appellant. This is alone sufficient to sustain the jury's findings. We overrule appellant's points of error 9 through 20.

Appellant attacks the jury's defensive findings in response to issues 17 and 18 on the same grounds as stated above. The issues inquire of the jury whether, just before the occurrence in question, the supervisor (or foreman), Boudreaux, failed to check on the clearance between the substructure and the mud pump, and whether such failure, if any, was the sole proximate cause of plaintiff's injuries. Both issues were answered favorable to appellees. Boudreaux testified that he did not position himself nor any member of his crew so as to observe the clearance between the substructure and mud pump once the movement began; that he positioned himself far enough back so he could see both fork lifts, and, after he had given the signal to start moving the machinery, neither he nor any of the other men working under his direction moved to a position where they could observe the clearance between the substructure and the mud pump as the substructure moved toward it. The failure of Boudreaux to position himself so that he could monitor clearance between the substructure and mud pump movement clearly occurred just before the occurrence in question—the accident. We hold that this, with other facts stated above, constitutes some evidence and sufficient evidence to

support the jury findings to issues 17 and 18 on the authorities cited above.

■ Moreover, the special issues relating to appellees' primary negligence were answered in favor of appellees. In that case any error in the manner of submitting sole proximate cause issues, or whether there was evidence or sufficient evidence to support them, becomes harmless. Brown & Root v. Haddad, 142 Tex. 624, 180 S.W. 2d 339, 342 (Tex.Sup.1955); Webb v. City of Lubbock, 380 S.W.2d 135, 137 (Tex.Civ. App.1964), error ref., n.r.e.; Hammon v. Texas & New Orleans Railroad Co., 382 S.W.2d 155, 160 (Tex.Civ.App.1964), error ref., n.r.e.

■ Appellant contends that the trial court erred in admitting, over objections, evidence that Blackmon and Colquitt were relying upon Boudreaux safely to move the structure, and that such testimony tended to exclude appellees from their legal duty to keep a proper lookout; that such was direct testimony concerning what constitutes the standard of care customarily exercised by foremen in movement of heavy equipment, and that testimony that Boudreaux had selected appellees because of their reputations and ability for properly performing their duties wrongfully tended to bolster the credibility of appellees. Appellant asserts that the admission of such testimony was reversible error. We believe that the trial court's rulings were proper. This testimony was relevant under the circumstances, and the trial court did not abuse its discretion. Appellees were under no non-delegable duty to inspect the work-site. The only duty assumed by appellees was to act as reasonably prudent persons under the same or similar circumstances. The fact that Boudreaux failed to maintain adequate clearance does not make the appellee workmen responsible for his negligence. The workmen were not required to anticipate negligent conduct on the part of the foremen. Texas & N. O. R. Co. v. Brannen, 140 Tex. 52, 166 S.W.2d 112, 114 (1942), opinion adopted. Appellees are under no legal duty to interrupt each step of the work and double check the foreman for safety. See De Winne v. Allen, 277 S. W.2d 95, 98, (Tex.Sup.1955). And workmen may testify as to the general competency of their fellow workmen. Postal Tel. Cable Co. of Texas v. Coote, 57 S.W. 912 (Tex.Civ.App.) error ref. These are relevant evidentiary points and are admissible testimony. There is no evidence in the record that appellees in the performance of this work were, in the opinion of any witness, careful, non-negligent, prudent or the like. We overrule appellant's contentions. See also Rule 434, Texas Rules of Civil Procedure.

■ By point 41, appellant contends that reversible error was committed, because on page 1 of the charge the court indicated that the defendant was "Texas Gulf Sulphur Co., et al", a part of the original style of the case. But appellant made no objection to the charge on this ground as required by Rule 272, T.R.C.P. Failure to object to any undesirable portion of the charge results in waiver of the objection. Edwards v. Strong, 147 Tex. 155, 213 S.W. 2d 979, 981 (1948); Gale v. Spriggs, 346 S.W.2d 620 (Tex.Civ.App.) error ref., n. r.e. Especially is this true where a clerical error is involved.

■ Appellant asserts that conflict in the answers of the jury to defensive issues 18 and 20 is reversible error, and that the trial court was not empowered to render a judgment on such findings. We overrule this contention. As stated above, appellant failed to secure findings favorable to him on primary negligence, and he is not entitled to a verdict for that reason alone. In issue 18 the jury found that the failure of Boudreaux to check on the clearance between the substructure and the mud pump just before the occurrence in question was sole proximate cause of plaintiff's injuries. In issue 20 the jury found that the failure of Boudreaux to arrange for adequate clearance between the edge of the substructure and the machinery was the sole

proximate cause of the injuries. Since, however, the jury found in response to issues 1, 4, 9 and 11 that the appellees were not guilty of primary negligence, any conflict between the sole proximate cause findings in issues 18 and 20 is immaterial and should be disregarded. A conflict in jury findings will not prevent the rendition of judgment and will not require a mistrial unless the findings, considered separately and taken as true, would compel the rendition of different judgments. Texas & Pacific Railway Co. v. Snider, 321 S.W. 2d 280, 282 (Tex.Sup.1959).

After both parties had rested, the trial court granted appellees' motion to file a trial amendment, over the objections of appellant, to plead Boudreaux's failure to obtain adequate clearance as being the sole proximate cause of the accident. Appellant contends that he had consistently objected to introduction of evidence based on lack of pleadings and had not tried such issues by consent. In the first place, under authority cited above, there is no reversible error in such action since the primary negligence findings were negative. The theory upon which appellant tried this case could not have afforded surprise to appellant in our opinion. Appellant had pleaded that "(4) defendants failed to maintain sufficient competent supervisors on the dock area to supervise the loading operation; (5) and, that such supervisors present at the time to complete the loading operations failed to use such degree of care as necessary to care for the safety of persons located on the dock area in consideration of the handling of the merchandise in question; * * *" On October 18, 1966, during trial of the case, the trial court permitted appellees to amend to include a general allegation of sole proximate cause,

and the trial court stated in the open court to all parties that if appellants' counsel wanted to withdraw his announcement of ready he would grant it. Otherwise he would overrule appellant's motion in opposing the trial amendment. The appellant declined the trial court's offer. At the conclusion of the evidence appellees were granted a trial amendment alleging failure of Boudreaux to move the pump and the tool house so as to allow more adequate clearance for the movement of the substructure. Allowance of trial amendments under either Rule 66 or 67, T.R.C.P., are clearly within the trial court's sound discretion. Standard Accident Insurance Co. v. Mize, 378 S.W.2d 686 (Tex.Civ.App.), no writ; Vermillion v. Haynes, 147 Tex. 359, 215 S.W.2d 605, 609 (1948). And when the opposite party does not ask for a postponement upon the filing of the amendment, the trial court does not ordinarily abuse his discretion in granting it. American Casualty & Life Insurance Co. v. Parish, 355 S.W.2d 781, 783 (Tex.Civ.App.), no writ. While after the expiration of eight years since the occurrence of the accident this question is not entirely free of doubt, we believe the trial court was within his sound discretion by such rulings. Viewing the pleadings of the appellant, the issues and the facts as they developed, the trial judge did not abuse his discretion in allowing trial amendments under the circumstances. We overrule appellant's contention.

We have carefully reviewed and considered the remaining points of error of the appellant, and we find that none of them present reversible error. Rule 434, T.R.C.P. They are each overruled.

We accordingly affirm the judgment of the trial court.