

# THE ATTORNEY GENERAL
# OF TEXAS

## AUSTIN, TEXAS 78711

JOHN L. HILL
ATTORNEY GENERAL

October 15, 1973

Honorable R. T. Weber, D. D. S.
Texas State Board of Dental Examiners
Capital National Bank Building
Austin, Texas 78701

Opinion No. H- 128

Re: May a California dental
service corporation contract
in California with a Delaware
corporation to provide dental
service to all of Delaware
corporation's employees,
including those in Texas?

Dear Dr. Weber:

You have requested our opinion concerning the legality of a transaction wherein California Dental Service (hereafter, CDS), a California non-profit corporation, has contracted to provide dental services for the employees of North American Rockwell Corporation, a Delaware corporation, including those employees in North American Rockwell's plant in Waco, Texas.

Your concern arises from the failure of CDS to comply with the provisions of Article 1396-2. 01, V. T. C. S. , a part of the Texas Non-Profit Corporation Act, which provides:

"(1). Charitable corporations may be formed for the purpose of operating a Dental Health Service Corporation which service corporation will manage the relationship between the contracting dentist, who will perform the dental services, and the patient who will receive such services where such patient is a member of a group which has contracted with the Dental Health Service Corporation to provide dental care to members of that group. An application for a charter under this Section shall have attached as exhibits (1) an affidavit by the applicants that not less than thirty percent (30%) of the dentists legally engaged in the practice of dentistry in this state together with their

names and addresses have signed contracts to per-
form the required dental services for a period of not
less than one (1) year, after incorporation, and (2) a
certification by the Texas State Board of Dental Exam-
iners that the applicant incorporators are reputable
citizens of the State of Texas and are of good moral
character and that the corporation sought to be formed
will be in the best interest of the public health.   A
corporation formed hereunder shall have not less than
twelve (12) directors, nine (9) of whom shall be dentists
licensed by the Texas State Board of Dental Examiners
to practice dentistry in this state and be actively engaged
in the practice of dentistry in this state.  A corporation
formed hereunder shall maintain not less than thiry per-
cent (30%) of the number of dentists actually engaged in
the practice of dentistry in this state as participating or
contracting dentists, and shall file with the Texas State
Board of Dental Examiners each September the names
and addresses of all contracting or participating dentists. "

You have cited Attorney General Opinion Mo. M-1233 which holds:

"Third parties, except the State and its agencies,
whether individuals, associations, or corporations,
may legally contract for dental care to be rendered to
citizens of the State only by complying with Article
1396-2. 01 of the Texas Non-Profit Corporation Act.
The State Department of Public Welfare and other State
agencies, can so contract pursuant to the Medical Assis-
tance Act of 1967, (Article 695j-1, V. C. S. ) and Article
695c, Section 4(12), Vernon's Civil Statutes. "

If CDS is providing dental services in Texas without complying with
Article 1396-2. 01, it is probably in violation of Article 4551 (a)(4) which
provides:

"(4) Any one who owns, maintains or operates any
office or place of business where he employs or engages,

under any kind of contract whatsoever, any other
person or persons to practice dentistry as above
defined shall be deemed to be practicing dentistry
himself, and shall himself be required to be duly
licensed to practice dentistry as hereinabove defined,
and shall be subject to all of the other provisions of
this Chapter, even though the person or persons so
employed or engaged by him shall be duly licensed
to practice dentistry as hereinabove defined. " (See
also Vernon's Annotated Penal Code, Article 753).

We have been provided with a copy of the agreement between North American Rockwell Corporation and CDS and with certain relevant facts. Our opinion is based on the assumption that these facts are correct. Other circumstances might call for a different opinion. We are advised CDS is a non-profit corporation organized and existing under the Corporations Code of the State of California and is composed of members licensed to practice dentistry under the provisions of the California Dental Practice Act. On June 24, 1970, California Dental Service entered into an agreement in California with North American Rockwell Corporation (hereinafter referred to as the "Company"), a Delaware corporation doing business in California, to provide prepaid dental care benefits for its employees in California and elsewhere. Under the agreement, the Company pays stipulated monthly sums, for which CDS agrees to perform services not including the furnishing of dental care. CDS also agrees to make payment of fees to dentists under some circumstances.

CDS has agreed to provide a comprehensive plan of dental care to residents of California. With respect to dental care rendered outside of California, CDS agrees to provide "substantially" the same services. Under the terms of the agreement, an employee can go to any dentist, whether such dentist is a "participating dentist" or not. Since a dentist who is not licensed in California cannot be a member of CDS, any dentist outside the State of California will receive payment for services rendered to an eligible patient. The dentist may decide the services to be rendered and the amount of the bill, and can bill the patient directly if he chooses.

Based upon these facts and the circumstances of this transaction, we do not believe that CDS is engaged in the practice of dentistry in the state of Texas. It does not interpose itself in any relationship between a dentist and his patient since the patient is free to select any dentist, and no dentist is sent patients. CDS has no list of "participating dentists" in Texas and has no intention of establishing any continuing contractual relationship with any dentist in Texas for the provision of dental services. Neither CDS nor the company owns, maintains or operates any office or place of business where any person is employed or engaged to practice dentistry in the State of Texas.

We believe that our opinion is supported by the cases of Woodson v. Scott & White Hospital, 186 S. W. 2d 720 (Tex. Civ. App., Austin, 1945, error ref'd, w. m.); and Moseley v. Texas & New Orleans Railroad Company, 346 S. W. 2d 636 (Tex. Civ. App., Waco, 1961, error ref'd. n. r. e.).

Moreoever, since the agreement in question was entered into in California and all claims are processed and accepted there, we do not believe that CDS is conducting affairs in the state of Texas as contemplated by Article 1396-8. 01 of the Texas Non-Profit Corporation Act.

Accordingly, since neither CDS nor North American Rockwell Corporation is engaged in the practice of dentistry in the state of Texas, and CDS is not conducting any affairs in the state of Texas, we see nothing illegal in this transaction.

## SUMMARY

A California non-profit dental service corporation is not providing dental service in the State of Texas by entering into a contract to pay for dental services for employees of a Delaware corporation, including those employees in the Delaware corporation's Texas facilities, where the dentists involved are not chosen by or employees of the dental service corporation; nor is the dental ser-

vice corporation conducting affairs in the State of Texas as contemplated by Article 1396-8. 01

Very truly yours,

JOHN L. HILL
Attorney General of Texas

APPROVED:

LARRY F. YORK, First Assistant

DAVID M. KENDALL, Chairman
Opinion Committee