M. L. C. LOAN CORPORATION,
Appellant,

v.

P. K. FOODS, INC., Appellee.

No. 7831.

Court of Civil Appeals of Texas,
Beaumont.

Sept. 30, 1976.

Edward V. Dilla, San Antonio, for appellant.

Michael E. Grimes, Round Rock, for appellee.

KEITH, Justice.

Defendant below appeals from an adverse judgment rendered non obstante veredicto in a suit to recover damages suffered as a result of wrongful eviction from leased premises. We will refer to the parties as they appeared in the trial court.

On April 14, 1972, W. K. Dill and Morty Kester entered into a lease agreement covering a building in Killeen, Texas, which was used to transact the business of "Morty's Pizza King". Dill sold the property in question to defendant subject to the terms of the lease and it recognized Kester's assignment of the lease to the plaintiff.

Kester continued to operate the pizza business in the leased premises until he had a heart attack in July, 1974. About August 17, 1974, according to Philip Juarez, president of the plaintiff corporation, P. K. Foods, Inc., he learned that the taxes had not been paid and that the pizza business in Killeen was in bad shape. He said that he fired all of the employees and closed the business. On August 21, Elmer Douglas, the local manager of the defendant lessor, wrote a letter to Juarez and Kester advising of the nonpayment of the rent due on the premises since August 15 and advising

them that they had ten days within which to pay the delinquent rent or vacate the premises. A few days later, on August 23, 1974, defendant's lawyer, Clinkenbeard, wrote a letter to Juarez stating that the premises had been abandoned for a period in excess of five days in violation of the lease agreement and that the lessee's interest in the premises would terminate ten days following the date of the letter.

Juarez testified that he sent one of his associates to Killeen on August 31 with his personal check payable to defendant for the amount of the delinquent rent and the associate said that he attempted to deliver the check to defendant's agent Douglas on August 31 but that the payment was refused. It is undisputed that defendant took possession of the premises on October 2, 1974, and that plaintiff never at any time after August 17, 1974, attempted to resume possession thereof.

The jury found that the plaintiff had abandoned the premises and the other issue (which comes to us without complaint) found plaintiff's damages; but, the trial court set aside the abandonment finding and entered judgment for plaintiff's damages as found by the jury.

Defendant contends, and properly so under the authorities, that a trial court is authorized to grant a judgment non obstante veredicto only when there is no evidence of probative nature supporting the finding of the jury. The leading case is *Leyva v. Pacheco*, 163 Tex. 638, 358 S.W.2d 547, 550 (1962), following *Burt v. Lochausen*, 151 Tex. 289, 249 S.W.2d 194, 199 (1952). The rule laid down in these two cases by our supreme court still prevails. See, e. g., *Coffee v. F. W. Woolworth Co.*, 536 S.W.2d 539, 541 (Tex.1976). Having recognized the rule, we turn now to an examination of the record.

We find no evidence of probative force supporting the jury's answer to special issue number one that plaintiff had abandoned the leased premises.[1] Defendant's agent Douglas testified that Kester

---

1. Defendant has no points of error challenging the action of the trial court sustaining exceptions to his pleadings relating to the financial difficulties of the corporate plaintiff or the trial

came by and told him that he was having to close the business and discharge all of the employees; but, Kester denied having made such statements, claiming that he was confined to his home from the effects of a heart attack at the time Douglas testified Kester made the statement.

Moreover, plaintiff's president, Juarez, testified, without contradiction, that Kester was not an employee of the plaintiff at the time he is alleged to have made the statements. In any event, it is not shown that Kester's statements, assuming that they were made, were within the course and scope of his employment with the plaintiff. See, generally, *2 C. McCormick & R. Ray, Texas Law of Evidence § 1164, at 54–57 (2d Ed. 1956).*

■ In the absence of authority, Kester's statements to Douglas constituted hearsay testimony as to the plaintiff. And, it is clearly established in our jurisprudence that hearsay testimony is not competent testimony and can never form the basis of a finding of fact or a judgment of a court. *Texas Co. v. Lee,* 138 Tex. 167, 157 S.W.2d 628, 631 (1941); *Hebert v. Loveless,* 474 S.W.2d 732, 737 (Tex.Civ.App.—Beaumont 1971, writ ref'd n. r. e.).

■ It is generally conceded that abandonment is a question of intention; and, for there to be an abandonment, there must be evidence that there was an intention to abandon the property or the right before it can be lost. See, e. g., *Lone Star Gas Company v. Murchison,* 353 S.W.2d 870, 879 (Tex.Civ.App.—Dallas 1962, writ ref'd n. r. e.); *1 Tex.Jur.2d Abandonment § 10, at 8 (1959).*

Moreover, defendant made no serious effort to dispute the fact that plaintiff's check for the payment of the delinquent rent was tendered and refused by defendant before the expiration of the time for payment of the rent had expired. It is not likely that a tenant had fixed intention to abandon premises while tendering the rent which would have entitled him to another half month's uninterrupted occupation of the premises.

Defendant's testimony, other than that attributed to Kester, was confined to the cessation of use of the leased premises. Plaintiff's corporate officer, on the other hand, denied any intention to abandon the premises, although it must be conceded, he did not offer any evidence of affirmative intent or overt act to reopen the business. As plaintiff points out, the language found in *Humble Oil & Refining Co. v. Cook,* 215 S.W.2d 383, 387 (Tex.Civ.App.—Austin 1948, writ ref'd n. r. e.), is pertinent:

"The most that can be said of the well is that the owners, having damaged the well, failed to repair and operate it. This is mere nonuser which is not sufficient to constitute abandonment."

So it is in the case at bar. Evidence of nonuser for a few days will not support an abandonment of a leasehold under the record which we review. Point one is overruled.

Defendant contends that the trial court applied an erroneous standard in granting plaintiff's motion for judgment non obstante veredicto in that he held that the defendant's evidence of abandonment did not meet the standard of "clear and satisfactory" evidence. The trial court submitted an instruction along with special issue number one which read:

"You are instructed that the standard of proof for abandonment is by clear and satisfactory evidence rather than preponderance of the evidence and imposes a stricter standard of proof. 'Clear' means

court's action in refusing to permit defendant to offer evidence of taxes due, forfeiture of the corporate franchise, discontinuance of the water to the premises, the discharge of the employees, etc. Such complaints are not brought forward and cannot, therefore, be considered. Points not urged upon a court of civil appeals by an appellant cannot form the basis of its judgment. *State Farm Mutual Automobile Ins. Co. v. Cowley,* 468 S.W.2d 353, 354 (Tex.1971). Having failed to present one or more points complaining of the trial court's action mentioned in this footnote, defendant waived and abandoned its right to complain thereof. *Bickler v. Bickler,* 403 S.W.2d 354, 361 (Tex.1966).

that the evidence should not be ambiguous, equivocal or contradictory; 'Satisfactory' means that the source of the evidence is such that men and women of ordinary intelligence and discretion may repose confidence in it."

■ Defendant did not object to the instruction before the charge went to the jury. Thus, any objection to the instruction was waived. Tex.R.Civ.P. 274; *Larson v. Ellison*, 147 Tex. 465, 217 S.W.2d 420, 421 (Tex.1949); *Edwards v. Strong*, 147 Tex. 155, 213 S.W.2d 979, 981 (Tex.1948); *Drake v. State*, 488 S.W.2d 534, 538 (Tex.Civ.App. —Dallas 1972, writ ref'd n. r. e.). But, defendant seeks to avoid this rule by challenging the trial judge's comments at the time he ruled upon the motion for judgment non obstante veredicto.[2] Assuming, arguendo, that defendant may base his present attack upon such action, we find no reversible error. Defendant assumed the additional burden thrust upon it by the charge and succeeded in convincing the jury that plaintiff had abandoned the premises—under the strict instruction of the court. No harm has been shown.

We do not, however, approve the instruction which was given. It placed an undue burden upon the defendant; and, in another context, we might find reversible error. We need cite only the opinion in *Sanders v. Harder*, 148 Tex. 593, 227 S.W.2d 206, 209 (1950), wherein Chief Justice Hickman said:

"No doctrine is more firmly established than that issues of fact are resolved from a preponderance of the evidence, and special issues requiring a higher degree of proof than a preponderance of the evidence may not be submitted to a jury."

See also, *Ward v. Nava*, 488 S.W.2d 736, 738 (Tex.1972), where the Court held that while the testimony of the moving party alone, without corroborating facts, is not sufficient to overcome the presumption that an officer's return of citation was correct; nevertheless, such moving party need establish his case only by a preponderance of the evidence.

Under the fact structure of this case we find that the error was not of such a nature as to require a reversal of the judgment. Points two and three are overruled.

■ Defendant's final point complains of the trial court's refusal to submit certain special issues which it says it requested. We find in our transcript, upon two pages, what are labeled "Defendant's Requested Special Issues"; but, the pages do not contain any stamp showing that they were filed and, more importantly, there is no showing that they were ever presented to the trial judge. No error is shown. Tex.R. Civ.P. 273 requires the presentation of such requests to the trial judge for action. See generally, *3 McDonald, Texas Civil Practice, §§ 12.34.1 and 12.34.2, at 428–430 (1970 Rev.Vol.).*

After a review of the record and the briefs of the parties, and having found no reversible error, the judgment of the trial court is affirmed.

STEPHENSON, J., not participating.

---

2. In granting the motion for judgment non obstante veredicto, the trial judge stated: "I'm convinced that the proof of abandonment does not measure up as a matter of law *to the* standard that was given the jury for determining abandonment and that the issue of abandonment is as a matter of law not in the case." (emphasis ours)