**Burk COLLINS, d/b/a Burk Collins Investments, Appellant,**

v.

**Michael T. BESTE, Appellee.**

**No. 2–91–263–CV.**

Court of Appeals of Texas, Fort Worth.

Nov. 4, 1992.

Rehearing Overruled Jan. 12, 1993.

Hill, Heard, Gilstrap, Goetz & Moorhead, and Frank Gilstrap, Arlington, for appellant.

Arter, Hadden, Johnson & Bromberg, and Milton G. Hammond and William G. Compton, Dallas, Haynes & Boone, L.P. and Dennis Sheehan, Fort Worth, for appellee.

Before FARRIS, MEYERS and DAY, JJ.

## OPINION

FARRIS, Justice.

Appellant, Burk Collins, appeals from a judgment for appellee, Michael T. Beste, in a breach of contract case, raising six points of error. We sustain Collins' first point, and reverse in part and remand the case for a new trial, because Collins was entitled to a jury question on contract termination, and we overrule Collins' points concerning non-compliance with the Real Estate License Act (RELA) because the leases are exempt from RELA and the sales contracts are covered by the part performance doctrine.

This case arises from an employment agreement, dated August 11, 1987, by which Beste was hired to provide leasing and marketing services for all Collins' real estate properties. The dispute involves a cancellation provision contained therein which provided: "This agreement may be terminated by either party without cause within [sic] 60 days written notice."

Collins contends he gave Beste notice of cancellation by memo dated November 1, 1987, while Beste contends he canceled the contract in April 1989. The period disputed is May 3, 1988 to April 1989.

Collins' first point complains the trial court erred in refusing to submit a jury charge on contract termination. To prevail on this point, Collins must show he was entitled to a question on the issue. All parties are entitled to have controlling issues, raised by the pleadings and evidence, submitted to the jury. *Brown v. Goldstein,* 685 S.W.2d 640, 641 (Tex.1985); *Taylor v. Texas Dep't of Pub. Safety,* 754 S.W.2d 464, 468 (Tex.App.—Fort Worth 1988, writ denied). A controlling issue is one which requires a factual determination to render judgment in the case. *Employers Casualty Co. v. Block,* 744 S.W.2d 940, 944 (Tex.1988) (opinion on reh'g). The issue must also be disputed. *Id.*

Contrarily, Beste argues that contract cancellation was covered by the broad form submission of Question No. 1 or it is not a controlling issue, and if Collins was entitled to any submission, it was an instruction and not a question, which was waived by his failure to submit the request in such form.[1] In light of two recent Texas Supreme Court decisions,[2] we hold Collins' request for a question on contract cancellation entitled him to a submission on the issue.

In *State Dep't of Highways and Pub. Transp. v. Payne,* 838 S.W.2d 235, a premises defect case, Payne had the burden to obtain findings the State knew of the defect, and that Payne lacked such knowledge. These elements were not submitted to the jury, although they were requested by the State as questions. Payne urged the elements should be deemed found by the trial court. The Texas Supreme Court held a finding that the State had knowledge of the defect and that Payne lacked

such knowledge could not be deemed because the State requested a jury question on that issue. *Id.,* 838 S.W.2d at 239–40. Because the State requested a question the trial court was aware of the State's complaint, and the manner by which the court became aware, by objection or request, is immaterial. *See Id.,* 838 S.W.2d at 240–41. If Beste had the burden to obtain a finding that the contract was in effect during the disputed period, and assuming Jury Question No. 1 encompassed all issues pertinent to the question of whether Collins failed to comply with the contract, including when the agreement was canceled, we still cannot deem a finding of no cancellation because Collins requested a question on the issue, and therefore, the trial court was on notice of his complaint.

Collins argues contract cancellation is a controlling issue. We find the Texas Supreme Court's decision in *Perez,* 842 S.W.2d 629, instructive on this point. In *Perez,* the trial court refused to include a question and accompanying definition on Perez's status as Exxon's borrowed servant. *Id.* Whether Exxon was immune from liability for common-law negligence was contingent upon Perez's employment status. The supreme court held Exxon was denied a viable affirmative defense. *Id.* at 630.

Like *Perez,* Beste's employment status determines whether Collins is immune from contract liability. We therefore hold contract cancellation is a controlling issue in this case.

Because Collins pled contract cancellation, presented evidence on this defense, and demonstrated that this case's disposition was dependent on a factual determination of this disputed issue, we find he was entitled to a jury charge on the issue if he requested it in substantially correct form. TEX.R.CIV.P. 278; *Placencio v. Allied In-*

---

1. Jury Question No. 1 reads: "Did Burk Collins fail to comply with the Employment Agreement? Answer 'Yes' or 'No.'"

2. *Exxon Corp. v. Perez,* 842 S.W.2d 629 (Tex. 1992) (opinion on reh'g), and *State Dep't of Highways and Pub. Transp. v. Payne,* 838 S.W.2d

235 (Tex.1992) (opinion on reh'g), have not been released for publication. Although we recognize these decisions are subject to modification, vacation, etc., we adopt the reasoning of the Texas Supreme Court in these cases as persuasive authority.

*dus. Int'l, Inc.,* 724 S.W.2d 20, 21 (Tex. 1987).

■ "Substantially correct" means "that in substance and in the main is correct, and that is not affirmatively incorrect." *Placencio,* 724 S.W.2d at 21. A request is affirmatively incorrect if it assumes material controverted facts. *Id.* Question No. 5, as tendered by Collins, is substantially correct because it does not assume any material *controverted* fact. It asks the jury to decide the controverted issue of whether a contract existed during the *disputed* period.[3] Because the contract cancellation date was a controlling issue and was requested in substantially correct form, Collins was entitled to its submission.

■ Collins must also demonstrate he preserved error to prevail on his first point. Several procedural steps are required to preserve error. First, the complaining party must request a question on the issue. *Lyles v. Texas Employers' Ins. Ass'n,* 405 S.W.2d 725, 727 (Tex.Civ.App.—Waco 1966, writ ref'd n.r.e.). The request must be in writing and must be separated from other requested jury charges. TEX.R.CIV.P. 279; *Woods v. Crane Carrier Co.,* 693 S.W.2d 377, 379 (Tex.1985); *Greenstein, Logan & Co. v. Burgess Mktg.,* 744 S.W.2d 170, 181 (Tex.App.—Waco 1987, writ denied). The requested question must also be presented and filed before the charge is read to the jury. *M.L.C. Loan Corp. v. P.K. Foods, Inc.,* 541 S.W.2d 902, 905 (Tex. Civ.App.—Beaumont 1976, no writ). Because Collins filed a written request for special charge on the issue of contract termination, separated from other requested questions, definitions, and instructions, before the charge was submitted to the jury, he complied with the first procedural step in error preservation.

■ The last procedural step is obtaining a ruling on the request. TEX.R.CIV.P.

276; *Greenstein, Logan,* 744 S.W.2d at 181. Because the trial judge endorsed the request "refused" and signed the same officially, Collins fulfilled this final error preservation requirement.

■ Collins must also show harm.[4] "So long as matters are timely raised and properly requested as part of a trial court's charge, a judgment cannot be permitted to stand when a party is denied proper submission of a valid theory of recovery or a vital defensive issue raised by the pleadings and evidence." *Perez,* 842 S.W.2d at 631. Because Collins timely raised and properly requested a jury charge on contract cancellation, a vital defense to contract liability which was supported by the pleadings and evidence, he was harmed by the trial court's ruling, and therefore, we sustain his first point of error.

We address Collins' second and third points because he requests we render judgment that Beste take nothing on his claims for brokerage commissions because he did not satisfy sections 3 and 20 of RELA. TEX.REV.CIV.STAT.ANN. art 6573a, §§ 3, 20 (Vernon Supp.1992). We overrule these points because: section 3 exempts the lease transactions from RELA's provisions if Beste was an employee; section 20 applies to *purchases,* not leases; and Beste fulfilled the statute of frauds exception.

Collins contends the trial court erred in allowing Beste to recover brokerage commissions, because Beste failed to plead or prove that he was exempt from RELA. In the absence of authority requiring RELA exemptions to be specifically pled, we find Beste sufficiently pled facts establishing his exempt status. Beste also offered sufficient proof of his exempt status: the employment agreement; lease agreements; and his cancellation memo. Both parties

---

**3.** Collins' requested Question No. 5 asks: "Do you find from a preponderance of the evidence that from and after May 3, 1988, Mike Beste was no longer employed by Burk Collins investments? Answer 'We Do' or 'We Do Not.'"

**4.** The Texas Rules of Appellate Procedure provide: "No judgment shall be reversed on appeal and a new trial ordered in any cause on the ground that the trial court has committed an error of law in the course of the trial, unless ... the error ... was reasonably calculated to cause and probably did cause rendition of an improper judgment in the case...." TEX.R.APP.P. 81(b)(1).

concede the only section 3 exemption that might apply is subsection (9).[5] Under this exemption Beste may recover commissions for the leases if he was Collins' employee. Whether Beste was Collins' employee on the dates in question will be addressed on remand under point one.

■ Although Collins argues section 20 applies to both sales and leases, he cites no cases on point.[6] Where the legislature intended RELA to apply to leases, that term is used. Because the term lease appears nowhere in section 20, we hold section 20 applies only to purchases of real estate.

■ Collins contends the contracts violate the statute of frauds because the commission amounts and the properties' legal descriptions are not in a single writing.[7] Because we hold Beste satisfied the part performance doctrine, an exception to the statute of frauds, we overrule this point.

■ A written real estate commission agreement that fails to describe the property precisely may be enforceable when: the broker fully performs; the other party knowingly accepts the broker's services by completing the transaction and receiving the benefits from that transaction; the party charged the commission has signed the agreement; and the commission amount is documented. *Carmack v. Beltway Dev. Co.*, 701 S.W.2d 37, 41–42 (Tex.App.—Dallas 1985, no writ). We hold the commission agreement is enforceable because: Beste fully performed; Collins accepted the sales and received benefits from them; Collins signed the commission agreement; and the employment agreement specified the commission amount.

Collins also contends Beste is not entitled to recover commissions because he did not comply with RELA's disclosure provision.[8] Collins argues this provision applies to both sales and leases but cites no authority. Under statutory construction principles, the disclosure provision applies only to sales. We therefore hold, Beste satisfied the provision because he made the required disclosure in the sales contracts. Collins' second and third points of error are overruled.

In his fourth point, Collins argues the trial court erred in instructing a verdict on his counterclaim because the evidence was conclusive that Beste was paid commissions under contracts that did not satisfy section 20. We overrule Collins' fourth point and affirm the trial court's take-nothing judgment because, as discussed under points 2 and 3, Beste met the statute of frauds exception, section 20 does not apply to leases, and these leases are exempt from RELA.

Collins' last point concerns attorney's fees. Because we reverse and remand for a new trial on the issue of contract termination, the attorney's fees award is also reversed and we need not address the merit of this point. *See French v. Diamond Hill–Jarvis Civic League*, 724 S.W.2d 921, 924 (Tex.App.—Fort Worth 1987, writ ref'd n.r.e.).

We affirm the trial court's take-nothing judgment on Collins' counterclaim. We reverse and remand the remainder of the case for a new trial. Costs of appeal are assessed against appellee.

5. Section 3(9) provides: "The provisions of this Act shall not apply to ... an owner or his employees in renting or leasing his own real estate whether improved or unimproved."

6. Section 20 of RELA provides:
   (a) A person may not bring or maintain an action for the collection of compensation for the performance in this state ... without alleging and proving ... was a duly licensed real estate broker....
   (b) An action may not be brought ... for the recovery of a commission ... unless the promise ... is in writing and signed by the party to be charged....
   (c) When an offer to purchase real estate ... is signed ... broker ... shall advise ... in writing, that the purchaser ... should ... obtain a policy of title insurance....

7. Section 20(b) is essentially a statute of frauds provision.

8. Section 20(c) of RELA.