# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

## NO. 03-12-00340-CV

**Don Cox, Appellant**

**v.**

**Texas Association of Realtors, Appellee**

### FROM THE DISTRICT COURT OF TRAVIS COUNTY, 250TH JUDICIAL DISTRICT
### NO. D-1-GN-10-003051, HONORABLE STEPHEN YELENOSKY, JUDGE PRESIDING

## M E M O R A N D U M   O P I N I O N

The background of this case and the nature of the dispute are well known to the parties, and accordingly, we need not recite them in detail here. *See* Tex. R. App. P. 47.1 (directing appellate courts to issue opinions that are as "brief as practicable" but address issues necessary to final disposition); *id.* R. 47.4 (explaining that memorandum opinions should be "no longer than necessary to advise the parties of the court's decision and the basic reasons for it").

Don Cox is a real estate broker who helped broker a deal under which IIAT Services Company ("IIAT") agreed to lease a portion of a building from the Texas Association of Realtors (the "Association"). After that agreement expired, IIAT and the Association agreed to enter into another lease agreement under which IIAT would lease the premises for ten years. At the end of the ten-year lease, the parties renewed the lease for an additional sixteen-year period. The dispute in this case centers around Cox's belief that he was entitled to a 4% commission calculated on the entirety

of the sixteen-year term. The Association, on the other hand, felt that Cox was not entitled to a commission on the sixteen-year term but agreed to pay Cox the 4% commission calculated on a ten-year term. The dispute ultimately resulted in Cox filing a lawsuit against the Association in which he alleged that the Association breached an agreement between the parties by failing to pay his commission for the full sixteen-year term.

After Cox filed his suit, the Association filed a motion for summary judgment[1] asserting that Cox's claims are barred because there is no commission agreement between the parties that complies with the requirements of the Real Estate Licensing Act, which is codified in the occupations code. The occupations code mandates that a "person may not maintain an action in this state to recover a commission for the sale or purchase of real estate unless the promise or agreement on which the action is based, or a memorandum, is in writing and signed by the party against whom the action is brought or by a person authorized by that party to sign the document." Tex. Occ. Code Ann. § 1101.806(c) (West 2012). To comply with this provision, the memorandum or agreement must: "(1) be in writing and must be signed by the person to be charged with the commission; (2) promise that a definite commission will be paid, or must refer to a written commission schedule; (3) state the name of the broker to whom the commission is to be paid; and (4) either itself or by reference to some other existing writing, identify with reasonable certainty the land to be conveyed." *Lathem v. Kruse*, 290 S.W.3d 922, 925 (Tex. App.—Dallas 2009, no pet.). Moreover, the supreme court has cautioned that the statutory requirements are "clear and unequivocal" and that courts

---

[1] We note that the parties take issue with whether the Association's motion for summary judgment is a no-evidence motion for summary judgment as well as a traditional motion for summary judgment. Given our resolution of this case, we need not decide this issue.

2

should construe them strictly. *Trammel Crow Co. No. 60 v. Harkinson*, 944 S.W.2d 631, 636-37 (Tex. 1997) (construing predecessor statute that was nearly identically worded and warning that if broker proceeds without written agreements, he "does so at his or her own peril").

On appeal, Cox contends that the absence of a commission agreement complying with the statutory requirements should not have resulted in a summary judgment in favor of the Association in this case because there is a fact issue regarding whether an exception to those requirements was met. Specifically, Cox contends that "[p]artial performance is a well-recognized, equitable exception" to the statutory requirements for enforceable commission agreements and that the Association's partial payment of a commission to Cox established the exception or, at a minimum, created a fact issue regarding whether the exception applies. Assuming for the sake of argument that partial performance could serve as an exception to the statutory requirements, we do not believe that the actions undertaken would be sufficient to create a fact issue regarding whether that exception applies in this case. That exception has been applied to circumstances in which courts agreed to enforce written real-estate-commission agreements that failed to precisely describe the property at issue when the "broker fully performs; the other party knowingly accepts the broker's services by completing the transaction and receiving the benefits from that transaction; the party charged the commission has signed the agreement; and the commission amount is documented." *Collins v. Beste*, 840 S.W.2d 788, 792 (Tex. App.—Fort Worth 1992, writ denied); *see Carmack v. Beltway Dev. Co.*, 701 S.W.2d 37, 41-42 (Tex. App.—Dallas 1985, no writ). The exception has not been employed to excuse the absence of a written commission agreement or to establish the amount of a commission not memorialized in a commission agreement. *Cf. Harkinson*, 944 S.W.2d at 635

3

(explaining that statute requires written commission agreement because "[t]he obligation to pay and the amount of that commission are subject to misrepresentation"); *see also Carmack*, 701 S.W.2d at 41 (explaining that "[a]llowing a broker to recover on the ground of his performance alone would permit enforcement of any commission agreement fully performed by the broker whether or not it complies with" statutory requirements, which "would unduly expose the public to fraudulent claims for commissions").

In addition to arguing that an exception applies, Cox also alleges that there is a fact issue regarding whether there was an enforceable memorandum agreement between the parties that would satisfy the statutory requirements. When making this assertion, Cox refers to multiple documents and communications between the parties and argues that those documents and exchanges constitute a memorandum agreement when construed together. Assuming that those documents could properly be construed together, we would be unable to conclude that a fact issue exists regarding whether the statutory requirements have been met. Even read together, those documents do not establish a written agreement signed by the Association under which the Association agreed to definitely pay Cox a commission for the full sixteen years of the renewal. *See Lathem*, 290 S.W.3d at 925.

Finally, Cox argues that summary judgment was improper because there is a fact issue regarding whether the terms of the commission agreement between Cox and the Association that was signed in 1989 could properly establish the statutory requirements for the transaction at issue in this appeal. Although the terms of the 1989 commission agreement explained that it applied to renewals of the 1989 lease between the Association and IIAT, the terms of the lease that became effective after

4

the expiration of the 1989 lease demonstrate that the Association and IIAT intended to enter into an entirely new agreement rather than renew the 1989 lease. *See Tawes v. Barnes*, 340 S.W.3d 419, 425 (Tex. 2011) (explaining that contract construction is question of law). In fact, the language of the 1999 lease states that it "replace[d] any existing lease" between the parties and that "any such existing lease . . . shall become null and void." Accordingly, we do not believe that the terms of the 1989 commission agreement could establish the statutory requirements for the transaction at issue in this case.

For these reasons, we cannot conclude that the district court erred by granting summary judgment in favor of the Association and must, therefore, overrule Cox's issues on appeal. Having overruled Cox's issues on appeal, we affirm the judgment of the district court.

_____

David Puryear, Justice

Before Justices Puryear, Pemberton, and Rose

Affirmed

Filed:  April 24, 2013