**Affirm and Opinion Filed August 18, 2022**



**In The**
**Court of Appeals**
**Fifth District of Texas at Dallas**

**No. 05-19-01327-CV**

**JOSEPH COBB, Appellant**
**V.**
**RONALD HANSEN AND LISA HANSEN, Appellees**

**On Appeal from the 44th Judicial District Court**
**Dallas County, Texas**
**Trial Court Cause No. DC-16-06461**

## MEMORANDUM OPINION
Before Justices Molberg, Reichek, and Nowell
Opinion by Justice Molberg

Appellant Joseph Cobb appeals a take-nothing judgment entered after a jury

trial on his claims for personal injuries he sustained when appellees Ronald and Lisa

Hansen's gas pizza oven exploded as Cobb lit it at Lisa Hansen's request. On appeal,

Cobb argues the trial court erred by refusing to submit to the jury a requested broad-

form general negligence question. For the reasons below, we reverse the judgment

in part and remand for a new trial on Cobb's negligent activity claim based on Lisa

Hansen's request that he light the oven, and on his claims the Hansens were negligent

in failing to render aid to him following his injuries. As to all other claims, we affirm the judgment in this memorandum opinion. *See* TEX. R. APP. P. 47.4.

## I. BACKGROUND

On May 30, 2014, appellant Joseph Cobb was burned while lighting a natural gas pizza oven at the home of appellees Ronald and Lisa Hansen. Cobb sued the Hansens and others in connection with this event. Cobb later non-suited his claims against the others, and his claims against the Hansens were tried to a jury.

At the time of trial, Cobb's live pleading asserted the Hansens were negligent under theories of premises liability and general negligence involving what Cobb characterizes as a negligent activity claim involving Lisa Hansen's request that he light the pizza oven, and a claim against Ronald and Lisa Hansen for failure to render aid in the face of injuries he sustained when lighting the oven.

For premises liability, Cobb asserted the oven on the Hansens' premises posed an unreasonable risk of harm that the Hansens knew or reasonably should have known of; the Hansens had a duty to ensure the premises did not present a danger to him, an invitee; the Hansens breached that duty by failing to disclose their fear of the oven's gas system, failing to warn him that the oven was dangerous, and/or failing to instruct or fully instruct him in the manner to safely turn on the gas and light the oven; and their breaches of that duty directly and proximately caused his injuries.

For negligent activity, Cobb alleged his injury was the direct and proximate result of the Hansens' ongoing action, not a premises condition—specifically, their decision to continue using the pizza oven and to ask him to light it. For general negligence, Cobb alleged the Hansens owed him a duty of reasonable care and disclosure; should have properly installed the oven, equipped it with safety features, explained its operation, instructed him in how to light it, and warned him of any dangers in lighting or operating it; and their breaches of that duty directly and proximately caused his injuries. The claim also encompassed the allegation that the Hansens were negligent in failing to render aid.

Both sides filed proposed jury instructions which, although not identical, included many of the same or similar questions, definitions, and instructions. As to the proposed liability questions included in the parties' filings, Cobb's filing contained a premises liability question based on an invitee status, while the Hansens' filing included a broad-form negligence question from PJC 4.1 and several definitions and instructions, including one defining negligence in terms of the Hansens' status as premises owners and another defining negligence for Cobb and Lisa Hansen in terms of general negligence.[1]

_____

[1] The Hansens' proposed jury instructions stated, in part:

INSTRUCTION 1: With respect to the condition of the premises, Ronald Hansen and Lisa Hansen were negligent if —

1. the condition posed an unreasonable risk of harm, and
2. Ronald Hansen and Lisa Hansen had actual knowledge of the danger, and

In addition to those filings, the record also reveals that during trial, Cobb provided the trial court with a written request for a broad-form negligence question under Texas Pattern Jury Charge (PJC) 4.1,[2] but he did not file it before the charge was submitted to the jury. During the charge conference, the parties' counsel argued their respective positions on Cobb's request for a broad-form general negligence question under PJC 4.1., and over Cobb's objection, the trial court refused to provide the question.

Instead, as to liability, the trial court submitted to the jury only the premises liability question for a licensee under Texas Pattern Jury Charge 66.5.[3] Thus, the jury was asked, and answered, as follows:

> QUESTION 1

---

> 3. Joseph Cobb did not have actual knowledge of the danger, and
> 4. Ronald Hansen and Lisa Hansen failed to exercise ordinary care to protect Joseph Cobb from the danger, by both failing to adequately warn Joseph Cobb of the condition and failing to make that condition reasonably safe.
>
> INSTRUCTION 2: "Negligence" as to Joseph Cobb and Lisa Hansen means failure to use ordinary care; that is, failing to do that which a person of ordinary prudence would have done under the same or similar circumstances or doing that which a person of ordinary prudence would not have done under the same or similar circumstances.
> . . . .
> QUESTION 1
> Did the negligence, if any, of those named below proximately cause the occurrence in question? Answer "Yes" or "No" for each of the following:
>
> Ronald Hansen       _____
> Lisa Hansen        _____
> Joseph Cobb        _____

[2] *See* Comm. on Pattern Jury Charges, State Bar of Tex., TEXAS PATTERN JURY CHARGES: GENERAL NEGLIGENCE, INTENTIONAL TORTS, AND WORKER'S COMPENSATION (PJC) 4.1.

[3] *See* Comm. on Pattern Jury Charges, State Bar of Tex., TEXAS PATTERN JURY CHARGES: GENERAL NEGLIGENCE, INTENTIONAL TORTS, AND WORKER'S COMPENSATION (PJC) 66.5.

Did the negligence, if any, of those named below proximately cause the occurrence in question?

With respect to the condition of the premises, RONALD HANSEN or LISA HANSEN was negligent if –

1. the condition of the pizza oven gas pipe posed an unreasonable risk of harm, and

2. RONALD HANSEN or LISA HANSEN had actual knowledge of the danger, and

3. JOSEPH COBB did not have actual knowledge of the danger; and

4. RONALD HANSEN or LISA HANSEN failed to exercise ordinary care to protect JOSEPH COBB from the danger, by both failing to adequately warn JOSEPH COBB of the condition and failing to make that condition reasonably safe.

Answer "Yes" or "No" for each of the following:

        RONALD HANSEN        NO
        LISA HANSEN          NO
        JOSEPH COBB          NO

Based on the jury's responses, the court entered a take-nothing judgment on August 2, 2019. Cobb filed various post-trial motions, including a motion for a new trial. In his motion for new trial, he argued, in part, that the trial court erred in denying his request for a general negligence instruction as requested because evidence was presented at trial proving Cobb's injury occurred as a result of the Hansens' negligent activity at the time of the injury and because evidence was presented proving the Hansens were negligent when they failed to reasonably render aid once they had caused the injury.

The trial court denied Cobb's motion for new trial, and Cobb timely appealed. On appeal, he argues the trial court erred by refusing to submit to the jury his requested broad-form negligence question under PJC 4.1, and he asks that we reverse the judgment and remand for a new trial on his general negligence claims against the Hansens, which include his claims of active negligence in requesting him to light the pizza oven and failure to render aid.

## II. APPLICABLE LAW

A trial court must, when feasible, submit a cause to the jury by broad-form questions. *Columbia Rio Grande Healthcare, L.P. v. Hawley*, 284 S.W.3d 851, 855 (Tex. 2009) (citing TEX. R. CIV. P. 277). It may not be feasible to submit a single broad-form liability question that incorporates wholly separate theories of liability. *Crown Life Ins. Co. v. Casteel*, 22 S.W.3d 378, 390 (Tex. 2000). If the trial court is unsure whether to submit a particular liability theory, separating liability theories "best serves the policy of judicial economy underlying Rule 277 by avoiding the need for a new trial when the basis for liability cannot be determined." *Id.*

We review alleged error in the court's charge for abuse of discretion. *Hawley*, 284 S.W.3d at 856. One way a trial court abuses its discretion is by failing to follow guiding rules and principles. *Id.* (citing *Bocquet v. Herring*, 972 S.W.2d 19, 21 (Tex.1998)).

If matters are timely raised and properly requested for a trial court's charge to the jury, a judgment "cannot be permitted to stand when a party is denied proper

submission of a valid theory of recovery or a vital defensive issue raised by the pleadings and evidence." *Exxon Corp. v. Perez*, 842 S.W.2d 629, 631 (Tex. 1992) (per curiam) (citations omitted).

Under civil procedure rule 278, "The court shall submit the questions, instructions, and definitions . . . which are raised by the written pleadings and the evidence." *See* TEX. R. CIV. P. 278. This is a "substantive, non-discretionary directive to trial courts requiring them to submit requested questions to the jury if the pleadings and any evidence support them." *Elbaor v. Smith*, 845 S.W.2d 240, 243 (Tex. 1992) ("trial court may refuse to submit an issue only if no evidence exists to warrant its submission") (citing *Brown v. Goldstein*, 685 S.W.2d 640, 641 (Tex.1985)).

To determine whether legally sufficient evidence supported submission of a question that was not submitted, we "must examine the record for evidence supporting the question and ignore all evidence to the contrary." *See id*. (citations omitted). Relying on *Elbaor*, one of our sister courts explained the applicable review standards in this manner:

> The trial court is obligated to submit a question on a controlling issue if evidence to support the submission amounts to more than a scintilla. *Elbaor*, 845 S.W.2d at 243. To determine if a trial court erred in refusing to submit requested questions, we must view the evidence as if the trial court had instructed a verdict against the party seeking the submission. *Id.*; *Phillips Pipeline Co. v. Richardson*, 680 S.W.2d 43, 48 (Tex. App.—El Paso 1984, no writ). We consider the evidence in the light most favorable to the party whose questions were refused; if

> there is conflicting probative evidence in the record, the questions are for determination by the jury. *Elbaor*, 845 S.W.2d at 243.

*Cunningham v. Haroona*, 382 S.W.3d 492, 506–07 (Tex. App.—Fort Worth 2012, pet denied).

A party objecting to a charge "must point out distinctly the objectionable matter and the grounds for the objection." TEX. R. CIV. P. 274; *Ford Motor Co. v. Ledesma*, 242 S.W.3d 32, 43 (Tex. 2007). Any complaint as to a question on account of any defect, omission, or fault in pleading is waived unless specifically included in the objections. TEX. R. CIV. P. 274.

Under rule 278, we will not reverse a judgment for failure to submit a question "unless its submission, in substantially correct wording,[4] has been requested in writing and tendered by the party complaining of the judgment; provided, however, that objection to such failure shall suffice in such respect if the question is one relied upon by the opposing party." TEX. R. CIV. P. 278.

One basic test determines whether a party has preserved error in the jury charge: "whether the party made the trial court aware of the complaint, timely and plainly, and obtained a ruling." *Thota v. Young*, 366 S.W.3d 678, 689 (Tex. 2012)

---

[4] A request is not substantially correct if it is contains a term that requires a definition but the party fails to tender the definition. *Select Ins. Co. v. Boucher*, 561 S.W.2d 474, 479 (Tex. 1978) (because the meaning of "earning capacity" had a somewhat technical meaning, was easily confused to mean something else, and was essential to a proper determination of the issue in that case, insurer did not submit substantially correct question when its proposed question did not define earning capacity).

(quoting *State Dep't of Highways & Pub. Transp. v. Payne*, 838 S.W.2d 235, 241 (Tex.1992) (op. on motion for reh'g)); *see Ledesma*, 242 S.W.3d at 43 (same).

We will not reverse a judgment for charge error unless the error was harmful because it probably caused the rendition of an improper verdict or probably prevented an appellant from properly presenting the case to the appellate courts. *Hawley*, 284 S.W.3d at 856 (citation omitted); TEX. R. APP. P. 44.1(a)(1). Charge error is generally considered harmful if it relates to a contested, critical issue. *Hawley*, 284 S.W.3d at 856 (citing *Bel–Ton Elec. Serv., Inc. v. Pickle*, 915 S.W.2d 480, 481 (Tex. 1996) (per curiam); *Sw. Bell Tel. Co. v. John Carlo Tex., Inc.*, 843 S.W.2d 470, 472 (Tex.1992)).

If we find some evidence supporting submission of a question that was not given, we must conclude the trial court should have submitted the question and must reverse the cause and remand it for a new trial. *Elbaor*, 845 S.W.2d at 243 (stating, in context of appeal involving a refusal to submit a contributory negligence question, if court found any evidence indicating appellee may have been contributorily negligent, court must conclude the question should have been submitted and must reverse and remand for a new trial).

### III. ANALYSIS

In one issue, Cobb argues the trial court erred by refusing to submit to the jury his requested broad-form negligence question under PJC 4.1. He argues the court's refusal to submit the question deprived him of the submission of a valid theory of

–9–

recovery based on his pleadings and proof and resulted in an improper take-nothing judgment. He asks that we reverse the judgment and remand the case for a new trial on his negligent activity and general negligence claims.

The Hansens disagree and argue that Cobb waived error and that in any event, error, if any, was not harmful.

## A.    Preservation of Error

We begin by considering whether Cobb preserved error. The Hansens argue Cobb failed to do so, on the theory that Cobb's proposed amended jury submissions were not filed with the trial court and submitted in writing in substantially correct form before the case was submitted to the jury. Along with rule 278, the Hansens cite various cases as support for their position.[5] Cobb attempts to distinguish those cases and argues he complied with rule 278.

We agree with Cobb. Near the beginning of the formal charge conference, the court stated:

> THE COURT: The initial issue – the initial Charge that was filed just dealt with premises liability and whether the plaintiff was an invitee or a licensee. Based upon the evidence that the Court has heard during the course and scope of the testimony and the case law that was provided, the Court has determined that the plaintiff is a licensee.

---

[5] *See Jelinek v. Casas*, No. 13-06-00088-CV, 2008 WL 2894889, at *4–5, 8 (Tex. App.—Corpus Christi–Edinburg July 29, 2008) (mem. op.), *rev'd on other grounds*, 328 S.W.3d 526 (Tex. 2010); *Sears, Roebuck & Co. v. Abell*, 157 S.W.3d 886, 891, 898–99 (Tex. App.—El Paso 2005, pet. denied); *City of Austin v. Travis Cty. Landfill Co.*, 25 S.W.3d 191, 203 n.13 (Tex. App.—Austin 1999), *rev'd on other grounds*, 73 S.W.3d 234 (Tex. 2002) and *Collins v. Beste*, 840 S.W.2d 788, 791 (Tex. App.—Fort Worth 1992, writ denied).

The amended proposed jury charge presented by [Cobb] added a general negligence question, which is under 4.1 of the PJC . . . and . . . did a trial brief on the matter.

The court also noted that it had handed the parties' counsel *United Scaffolding, Inc. v. Levine*, 537 S.W.3d 463 (Tex. 2017) and that they had read it.

Cobb's counsel then attempted to distinguish *United Scaffolding*, and in response to questions from the court regarding Cobb's pleadings and proof, Cobb's counsel discussed the contemporaneous activity as alleged in the pleadings and as witnesses testified to during trial, which included allegations in the pleadings that Lisa Hansen asked Cobb to light the oven, handed him matches, and instructed him simply to turn on the gas and light it by bringing a lit match close to the gas emitter inside the oven, without disclosing to Cobb anything else. The Court and Cobb's counsel then engaged in the following exchange:

> THE COURT: So, basically, what I hear you saying to me is, Judge, the general negligence 4.1 question needs to be in. And you are objecting to the fact that I have not put it into the Charge.
>
> [COBB'S COUNSEL]: Yes, Your Honor. I am objecting to you not putting the general negligence question into the Charge.

Following additional discussion and argument by both sides' counsel, the court then stated, "The court is going to reject . . . that addition to the charge. Your objection is made for the record."

As those portions of the record reflect, during the formal charge conference, Cobb objected to the omission of a general negligence question, requested in writing and tendered a proposed general negligence question under PJC 4.1 to the trial court,

–11–

and obtained a ruling from the trial court refusing to submit the requested question. By doing so, Cobb "made the trial court aware of the complaint, timely and plainly, and obtained a ruling." *See Thota*, 366 S.W.3d at 689 (quoting *Payne*, 838 S.W.2d at 241); *see Ledesma*, 242 S.W.3d at 43 (same).

The Texas Supreme Court has stated the following regarding *Payne*:

While *Payne* does not revise the requirements of the rules of procedure regarding the jury charge, it does mandate that those requirements be applied in a common sense manner to serve the purposes of the rules, rather than in a technical manner which defeats them.

*Alaniz v. Jones & Neuse, Inc.*, 907 S.W.2d 450, 451–52 (Tex. 1995) (per curiam) (concluding that, "[u]nder the reading of Rule 273 *Payne* requires, Alaniz preserved his jury charge complaint" in that case).

Just as *Alaniz* rejected a hyper-technical reading of rule 273 in light of *Payne*, we reject any suggestion that we should engage in a hyper-technical reading of rule 278. Cobb requested in writing and tendered a general negligence question under PJC 4.1 to the trial court during the formal charge conference, *see* TEX. R. CIV. P. 278. Notwithstanding the Hansens' arguments to the contrary, the fact that the record contains no file-marked or verified copy of what Cobb submitted in that conference is not determinative, for rule 278 contains no "filing" or "verification" requirements. And here, the content of the question was clear. To the extent that our sister court's decision in *Collins v. Beste* suggests otherwise, we decline to follow it in these circumstances. *Collins* states:

–12–

Several procedural steps are required to preserve error. First, the complaining party must request a question on the issue [citation omitted]. . . . The requested question must also be *presented and filed* before the charge is read to the jury. *M.L.C. Loan Corp. v. P.K. Foods, Inc.*, 541 S.W.2d 902, 905 (Tex. Civ. App.—Beaumont 1976, no writ). Because Collins *filed* a written request for special charge on the issue of contract termination, separated from other requested questions, definitions, and instructions, before the charge was submitted to the jury, he complied with the first procedural step in error preservation.

*Collins v. Beste*, 840 S.W.2d at 791 (emphasis added).

As support for its statement that a requested question must be both presented and filed, *see id*., *Collins* cites *M.L.C. Loan Corp. v. P.K. Foods, Inc*., 541 S.W.2d at 905, which states, in pertinent part:

Defendant's final point complains of the trial court's refusal to submit certain special issues which it says it requested. We find in our transcript, upon two pages, what are labeled 'Defendant's Requested Special Issues'; but, the pages do not contain any stamp showing that they were filed and, *more importantly, there is no showing that they were ever presented to the trial judge*. No error is shown. TEX. R. CIV. P. 273 requires the presentation of such requests to the trial judge for action. [citation omitted].

*M.L.C. Loan Corp. v. P.K. Foods, Inc*., 541 S.W.2d at 905.

Cobb, in contrast, presented a written proposed negligence question under PJC 4.1. Based on the record before us, we conclude Cobb preserved error.

### B.     Alleged Error and Harm

Next, we consider whether the trial court abused its discretion and committed reversible error by refusing to submit Cobb's requested broad-form negligence question under PJC 4.1 on his negligent activity claims and general negligence claims against the Hansens. Cobb argues the trial court did so because both sets of

claims were supported by his pleadings and proof at trial and probably resulted in an improper judgment.

The Hansens disagree, arguing that Cobb's pleading and evidence did not support Cobb's request and that no harmful error occurred.

We first consider Cobb's general negligence claims against the Hansens. On appeal, Cobb asserts that his general negligence claims "were based on the Hansens' failure to call 911 or render aid to Mr. Cobb after the incident." Cobb's pleading, even if inartful, raised this claim as a basis for liability,[6] as well as other acts Cobb claims demonstrated active negligence.[7] The trial record is replete with evidence supporting the submission of the failure-to-render-aid claim, much of it found in the testimony of the Hansens themselves. We sustain Cobb's issue with regard to his general negligence claim involving the Hansens' alleged failure to render aid to Cobb.

Next, we turn to what Cobb describes as his negligent activity claims against the Hansens. On appeal, Cobb asserts that his "claims for negligent activity against

---

[6] Cobb's pleading alleges the Hansens "were grossly negligent in their refusal to call 911 when [Cobb] asked them to and when it was plainly obvious that [he] needed urgent medical care." Although the allegation was made in a section of the pleading relating to "Exemplary Damages," the import of the claim is apparent. If there is a defect in Cobb's pleading, the Hansens' remedy was by way of special exception practice under civil procedure rule 91. *See* TEX. R. CIV. P. 91; *see also* TEX. R. CIV. P. 90 (waiver of defects in pleading). In the absence of a special exception, a court construes the pleading in a manner favorable to the pleader. *Horizon v. CMS Healthcare Corp. v. Auld*, 34 S.W.3d 887, 897 (Tex. 2000).

[7] In the general negligence section of his pleading, Cobb alleged the Hansens owed him a duty of reasonable care and disclosure; should have properly installed the oven, equipped it with safety features, explained its operation, instructed him in how to light it, and warned him of any dangers in lighting or operating it; and their breaches of that duty directly and proximately caused his injuries.

the Hansens were based on allegations that the Hansens directed [him] to light the oven without advising him of a safe way to do it." This is consistent with Cobb's pleading, which lists as an ongoing negligent activity the Hansens' "decision to . . . to ask [Cobb] to light" the oven.[8]

This is also consistent with the evidence at trial, at least with regard to Lisa Hansen. At trial, there was evidence that Lisa Hansen asked Cobb to light the oven, handed him the matches to do so, stood with him and watched him light it, and witnessed the explosion after he tried to do so. No such evidence was submitted as to Ronald Hansen. When asked at oral argument about any evidence showing that Ronald Hansen was actively negligent as to the lighting of the oven, Cobb's counsel identified none and responded that he did not believe Mr. Hansen was responsible for that.

The Hansens argue that any error was not harmful because Cobb's negligent activity claim is duplicative of the premises claim and the case was properly submitted as a premises liability case. At oral argument, their counsel cited our prior

---

[8] In the negligent activity portion of his pleading, Cobb also referred to other acts by the Hansens, including statements regarding Mr. Hansen's role in designing the oven and serving as the general contractor for the installation of the oven and the natural gas line and the Hansens' "decision to continue using the pizza oven." However, in light of Cobb's briefing, we need not consider such allegations here, as he has not raised any issue regarding those matters in his point of error or in his argument regarding his claim for negligent activity. *See* TEX. R. APP. P. 38.1(f) (brief must state concisely all issues or points presented for review); *Trinity Universal Ins. Co. v. Fid. & Cas. Co. of N.Y.*, 837 S.W.2d 202, 205 (Tex. App.—Dallas 1992, no writ) (concluding party had not preserved complaint for appellate review when party did not assert complaint in point of error and support it by argument and authorities in its brief).

decision in *Wyckoff v. George C. Fuller Contracting Co.*, 357 S.W.3d 157 (Tex. App.—Dallas 2011, no pet.) as support and described Cobb's negligent activity claim simply as a failure to warn. However, *Wyckoff* is distinguishable because, unlike Cobb, the injured guest contended she was injured only by defects in the design of the premises, not as a contemporaneous result of any activity by the premises owner. *Id.* at 163. Here, Cobb alleged defects in the premises' design and as a result of contemporaneous activity by the premises owners and submitted proof of both at trial, at least with regard to Lisa Hansen's request to light the oven.

Based on Cobb's pleading and the evidence submitted at trial, we conclude the trial court abused its discretion and committed reversible error by refusing Cobb's requested general negligence question as to Cobb's negligent activity claim regarding Lisa Hansen's request that Cobb light the oven. *See* TEX. R. CIV. P. 278 (court "shall submit the questions, instructions, and definitions . . . which are raised by the written pleadings and the evidence"); *Elbaor*, 845 S.W.2d at 243 (where fact issue existed on contributory negligence, court concluded trial court's refusal to submit the issue was "calculated to cause, and probably did cause, the rendition of an improper judgment" and reversed and remanded cause for further proceedings); *Exxon Corp.*, 842 S.W.2d at 631 (when matters are timely raised and properly requested, a judgment "cannot be permitted to stand when a party is denied proper submission of a valid theory of recovery . . . raised by the pleadings and evidence") (citations omitted).

We sustain Cobb's issue as to Cobb's negligent activity claim regarding Lisa Hansen's request that he light the oven. As to all other negligent activity claims, we overrule this issue.

## IV. CONCLUSION

We affirm the trial court's judgment in part and reverse it in part. We reverse the trial court's take-nothing judgment and remand to the trial court for a new trial on Cobb's negligent activity claim regarding Lisa Hansen's request that he light the oven and Cobb's general negligence claims involving failure to render aid. In all other respects, the trial court's judgment is affirmed.

191327f.p05

/Ken Molberg/
KEN MOLBERG
JUSTICE



# Court of Appeals
# Fifth District of Texas at Dallas

## JUDGMENT

JOSEPH COBB, Appellant

No. 05-19-01327-CV     V.

RONALD HANSEN AND LISA
HANSEN, Appellees

On Appeal from the 44th Judicial
District Court, Dallas County, Texas
Trial Court Cause No. DC-16-06461.
Opinion delivered by Justice
Molberg. Justices Reichek and
Nowell participating.

In accordance with this Court's opinion of this date, the judgment of the trial court is **AFFIRMED** in part and **REVERSED** in part. We **REVERSE** the trial court's take-nothing judgment and **REMAND** to the trial court for a new trial on Cobb's negligent activity claim regarding Lisa Hansen's request that he light the oven and Cobb's general negligence claims involving failure to render aid. In all other respects, the trial court's judgment is **AFFIRMED**.

It is **ORDERED** that appellant JOSEPH COBB recover his costs of this appeal from appellee RONALD HANSEN AND LISA HANSEN.

Judgment entered this 18th day of August, 2022.